UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**WYATT CADWELL,** individually and on behalf of all others similarly situated,

    Plaintiff,

v.

**SCUPPER'S WATERSPORTS L.L.C**, a Florida limited liability company, and **ROBERT F. BORTELL III**, individually,

    Defendants.

## COMPLAINT

COMES NOW, the Plaintiff, WYATT CADWELL, individually and on behalf of those similarly situated (hereinafter as "Plaintiff") by and through the undersigned counsel, hereby brings this action against Defendants, SCUPPER'S WATERSPORTS L.L.C. (hereinafter sometimes referred to as "SCUPPER'S"), and ROBERT F. BORELL III, individually (collectively as "Defendants"), for violations under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA"). Plaintiff seeks unpaid overtime wages, liquidated damages, and reasonable attorney's fee and costs from Defendants. Plaintiff also requests the Court to authorize concurrent notice to all persons who were formerly employed by Defendants or who were so employed during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION

1. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* The Court

has jurisdiction over this claim pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

2. Venue is proper in the United States District Court for the Southern District of Florida as the unlawful practices alleged herein took place in Monroe County, Florida, and the Defendant is a Florida corporation who transacts business in Monroe County, Florida, and the transaction that is the basis of Plaintiff's Complaint occurred within the District and venue, therefore, properly lies in this Court.

## PARTIES

3. Plaintiff, WYATT CADWELL, is an individual residing in the County of Monroe County, State of Florida. Plaintiff became employed and hired by Defendants in approximately January 2019, and worked for Defendant as a "Mate", until approximately July 28, 2022.

4. At all times material, Plaintiff was an employee of Defendants within the meaning of the FLSA.

5. The Defendant, SCUPPER'S WATERSPORTS L.L.C., is a Florida limited liability company formed and existing under the laws of the State of Florida, and at all times during Plaintiff's employment, Defendants was an employer as defined by 29 U.S.C. §203(d).

6. Plaintiff was an employee of Defendants and at all times relevant to the violations of the FLSA were engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

7. Throughout Plaintiff's employment with Defendants, Defendant SCUPPER'S was an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(r) and 203(s).

8. At all times material, Defendants employed employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendant SCUPPER'S having annual gross volume of sales or business done of not less than $500,000 within the meaning of Sections 203(r) and (s) of the FLSA.

9. At all times material, Plaintiff regularly was engaged in commerce or the production of goods for commerce.

10. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiffs, are in the possession and custody of Defendants.

11. The additional persons who may become Plaintiffs in this action are non-exempt employees of Defendants who worked on or after November 4, 2020, and who did not receive the required overtime pay in violation of the FLSA.

12. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provision were made by the Defendants to properly pay Plaintiffs for hours worked.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

13. Plaintiff, WYATT CADWELL, realleges and incorporates herein the allegations contained in paragraphs 1-12.

14. Plaintiff is entitled to be paid time and one-half of Plaintiff's regular rate of pay for each hour worked in excess for Forty (40) hours per work week. All similarly situated

employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

15. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to Plaintiff) have suffered damages plus incurring costs and reasonable attorney's fees.

16. As a result of Defendants' willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

17. Plaintiff has retained the undersigned counsel to represent him in this action, and agreed to pay their counsel reasonable fees and costs, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiffs, WYATT CADWELL and those similarly situated to Plaintiff who opt into this action, demand judgment against the Defendants, jointly and severally, for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and

(e) Such other relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

18. Plaintiff demands a jury trial on all issues so triable.

DATED:  November 3, 2022

>MILITZOK LAW, P.A.
>*Attorney for Plaintiff*
>8958 W. State Road 84, #1036
>Fort Lauderdale, FL 33324
>(954) 780-8228 - Telephone
>(954) 791-4456– Facsimile
>bjm@militzoklaw.com
>
>By: /s/ Brian Militzok
>BRIAN J. MILITZOK, ESQ
>Fla. Bar No.: 0069993