UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-10100-KMM

WYATT CADWELL, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

SCUPPER'S WATERSPORTS L.L.C, a
Florida limited liability company, and
ROBERT F. BORTELL III, individually,

    Defendants.

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND FOR DISMISSAL WITH PREJUDICE

Plaintiff WYATT CADWELL ("Plaintiff") and the Defendants, SCUPPER'S WATERSPORTS L.L.C, and ROBERT F. BORTELL II, individually, ("Defendants"), by and through the undersigned counsel, file this Joint Motion for Approval of Settlement Agreement and for Dismissal with Prejudice, and state as follows:

### PRELIMINARY STATEMENT

Plaintiff filed a Complaint [DE 1] alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") by failing to pay overtime wages to Plaintiff. Defendants deny any wrongdoing under the FLSA.

In order to avoid continued costs and the uncertainty of litigation, the Parties have negotiated a settlement in this matter. Defendants neither admit liability, and Plaintiff does not admit a lack of liability. As such, both Parties faced risks if litigation continued. Therefore, in order to avoid additional costs and the uncertainty of litigation, the Parties have agreed to a

settlement amount listed in the settlement agreement provided to the Court in camera. Providing the settlement agreement in camera was a material term to Defendants' inducement into this agreement.

Accordingly, the Parties request that the Court approve the terms of the settlement agreement in this matter pursuant to Lynn's Food Stores Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), dismiss this case with prejudice, and retain jurisdiction to enforce the terms of the Parties' settlement.

## MEMORANDUM OF LAW

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. See Lynn's Food Stores, Inc., 679 F.2d at 1350. To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. Id. at 1354. If the settlement meets the afore-mentioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. Id; see also Sneed v. Sneed's Shipbuilding, Inc., 545 F.2d 537, 539 (5th Cir. 1977).

The Plaintiff filed this lawsuit against Defendants alleging, in part, that Defendants violated the FLSA by failing to pay Plaintiff overtime pay which Plaintiff alleges were due and owed. Defendants vigorously deny these claims, maintain that the Plaintiff was paid for all of his hours worked pursuant to the FLSA and otherwise deny any violation of the FLSA.

This case involves contested issues of both liability and the amount of damages, if any. For example, but by no means an exhaustive list, there is a genuine dispute as to the amount of overtime wages, if any, owed to Plaintiff, whether Plaintiff was properly compensated for that

time, whether Plaintiff was subject to an exemption under the FLSA, whether the individual Defendant was liable under the FLSA, and whether the alleged violation was willful. Had Defendants succeeded on these issues, the Plaintiff's damages would have been reduced or foreclosed.

Nevertheless, the Parties have agreed to settle this dispute through the execution of a Settlement Agreement, a copy of which is being filed in camera. The Parties agree that the settlement terms represent a fair and equitable resolution of this matter in light of the contested issues in this case. For these reasons set forth above, in addition to the fact that the Parties were represented by competent counsel having experience in FLSA claims, the agreement is reasonable, and this Court should approve the Settlement. The Parties further request the Court retain jurisdiction to enforce the terms of the Parties' Settlement.

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement of Plaintiff's claims; (2) dismissing this action with prejudice; (3) retaining jurisdiction to enforce the terms of the settlement; and, (4) granting the Parties such further relief as the Court deems just.

Dated: July 28, 2023

Respectfully submitted,

| MILITZOK LAW, P.A. | BARNHART LAW FIRM |
|---|---|
| *Attorney for Plaintiff* | Attorney for Defendants |
| 8958 W. State Rd 84, #1036 | 12555 Orange Drive |
| (954) 780-8228 - Telephone | Second Floor |
| (954) 719-4016– Facsimile | Davie, Florida 333330 |
| bjm@militzoklaw.com | valerie@barnhartfirm.com |
| By: /s/ Brian Militzok | By: /s/ Valerie Barnhart |
| BRIAN J. MILITZOK, ESQ | VALERIE BARNHART, ESQ. |
| Fla. Bar No.: 0069993 | Fla. Bar No.: 88549 |